Decided at PENDLETON, July 18, 1896.

## SNELL *v*. BAKER CITY BANK.
[45 Pac. 783.]

ESTOPPEL BY FRAUDULENT CONDUCT.— A bank which induced plaintiff to forego levying an attachment on the property of their common debtor by its promise to take no steps to secure itself until another meeting could be had, but, before such meeting, procured a chattel mortgage from said debtor, is estopped to assert the priority thereof over the debtor's subsequent assignment for the benefit of all his creditors.

From Baker: ROBERT EAKIN, Judge.

This is a suit brought for the purpose of setting aside as fraudulent a certain chattel mortgage given by defendant E. M. Van Slyck to the Baker City National Bank, and to have the lien of the bank thereunder decreed to be inferior to the subsequent attachment lien of plaintiff. The facts are that on July seventeenth, eighteen hundred and ninety-three, Van Slyck, who was engaged in the drug business at Baker City, was indebted to plaintiff The Snell, Heitshu and Woodard Company in the sum of about four hundred dollars, to the defendant bank in about the same amount, to Blake, its cashier, in the sum of six hundred dollars, besides other indebtedness to various persons aggregating five or six hundred dollars, and was practically insolvent. On the day named the plaintiff sent its agent, Mr. Buchanan, from Portland to Baker City for the purpose of collecting or securing its claim by attachment or otherwise, but instructed him to call upon Mr. James, vice-president of the defendant bank, be-

fore taking any steps in the matter, and see if an arrangement could not be made to combine the two claims, and obtain a joint security therefor from Van Slyck. Upon his arrival at Baker City, Buchanan called upon Mr. James as directed, and made the proposition to combine the two accounts, which he testified James agreed to. James, however, while admitting that Buchanan made such a proposition to him, says that he refused to give him any answer until he could see Van Slyck, who it seems was out of town at the time. At such interview it was arranged that they should meet again for the consideration of the matter in the evening at seven o'clock and thirty minutes, at which time it was expected Van Slyck would be present, and Buchanan testifies and James does not deny that it was understood and agreed that neither party should take any further steps in the matter until after the meeting in the evening. Buchanan, relying upon this understanding, refrained from levying an attachment, as he otherwise would have done, but the defendant bank, in violation thereof, sent its cashier to meet Van Slyck on his return to town in the afternoon, and obtained from him a chattel mortgage on all his property to secure its claim, and also an assignment of his book accounts to Blake and the bank jointly, as security for the payment of their claims. On the twentieth of July the plaintiff commenced an action against Van Slyck, and had a writ of attachment issued therein and placed in the hands of the sheriff, with directions to attach the mortgaged property; but he was prevented from so

doing by the officers of the bank, who claimed to be in possession of the store, although there had been no outward or formal change of possession, and the business had been conducted by Van Slyck and his employés apparently the same after as before the execution of the mortgage, and the goods retailed over the counter as formerly for cash or on credit. After the writ of attachment had been issued and placed in the hands of the sheriff for service, the bank took formal possession of the store, and continued to sell and dispose of the goods at retail and for cash and on credit, until enjoined in this suit, during which time it sold goods to the amount of five hundred and eighty dollars and seventy-five cents at private sale, although the mortgage provided for foreclosure by sale at public outcry after ten days' notice. On the twenty-fifth of July, and after the bank had taken possession of the store, the plaintiff caused to be served upon it a writ of garnishment in the attachment proceedings, and subsequently commenced this suit to set aside the mortgage. Pending the suit, and before plaintiff recovered judgment in its action at law, Van Slyck made a general assignment for the benefit of creditors, and by supplemental and amended complaint his assignee was made a party defendant, and the property in controversy, by order of the court and consent of the parties, turned over to him for sale without prejudice to the rights of the parties to the suit. The court below found and decreed that the proceeds of the sale of the mortgaged property, including the amount of the sales made by the

bank, and the accounts assigned to Blake and the bank jointly as security, were assets in the hands of the assignee for distribution among the creditors of the insolvent estate according to the amount of their respective claims, and from this decree the bank appeals.                               Affirmed.

For appellant there was a brief and an oral argument by *Mr. Frank L. Moore.*

For respondent there was a brief by *Messrs. Snow and McCamant,* with an oral argument by *Mr. Wallace McCamant.*

Opinion by Mr. Chief Justice Bean.

The contention for the plaintiff is that the decree of the court below should be sustained because: (1) The appellant is estopped by its conduct and agreement to set up its mortgage as against the plaintiff; (2) that by permitting the mortgagor to remain in possession of the mortgaged property and to sell the same at retail it abandoned its lien, and rendered the mortgage fraudulent and void against creditors; (3) that if the mortgage had any validity whatsoever it constituted an assignment for the benefit of creditors. It will be necessary for us to notice the first only of these contentions, as we deem it decisive of the case. The undisputed evidence shows that the bank induced plaintiff to forego levying an attachment on the property of Van Slyck by its promise to do nothing until another meeting could be had between its representative and plaintiff's

agent, and, after thus lulling the company's agent into false security, and without his knowledge, in the mean time took the mortgage in question upon all the property of the common debtor to secure its own claim. Under these circumstances it would be an exceedingly harsh rule which would give a mortgage thus obtained the priority claimed for it. The bank was under no obligation to make any promise or agreement with Buchanan because he had consulted it about plaintiff's claim. It could have kept silent and afterwards protected its own interest without being guilty of any legal wrong. But when it agreed with him to do nothing in the matter until another meeting could be had in the evening, and in violation of such agreement undertook to secure its own claim to the exclusion of the plaintiff, it was guilty of a fraud against which a court of equity will relieve. For this reason the decree of the court below should be affirmed, and it is so ordered.          AFFIRMED.

Decided at PENDLETON, July 18, 1896.